888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul ADAMS, Laverne Bettinger, Lavern Brockman, Thomas Budde
Gene Buschur, Richard L. Faller, Thomas F. Hendrick, Donald
W. Kaiser, Louis W. Keiser, Paul L. Klingshirn, Jerry E.
Knapke, Robert U. Link, Thomas A Mescher, Joan Myers, Joseph
U. Rose, Lavern E. Schmit, Robert L. Weitzel,
Plaintiff-Appellees, Cross-Appellants,
v.
AVCO CORPORATION, Avco Corporation Retirement Income plan
for Salaried Employees, IRS Plan No. PN # 001, Avco
Corporation Group Insurance Plan for Salaried Employees, IRS
Plan No. PN # 509, Avco Corporation Severance Pay Plan d/b/a
Avco/New Idea Policy-Salaried Personnel P-SP No. 14,
Defendants-Appellants, Cross-Appellees.
 No. 87-3830.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1989.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In Paul Adams v. Avco Corporation, No. 88-1742 (U.S. June 12, 1989), the Supreme Court vacated our unpublished opinion in Paul Adams v. Avco Corporation, decided November 14, 1988, and remanded the case for further consideration in light of Firestone Tire and Rubber Company v. Bruch, 488 U.S. ----, 109 S.Ct. 948 (1989). In Firestone Tire & Rubber Co. v. Bruch, the Court held that a de novo review is the appropriate standard for reviewing an ERISA plan administrator's denial of benefits.
 
 
 2
 In our original opinion in this case, we upheld Avco's administrator's interpretation of the terms of the plan based on the then existing rule that decisions of ERISA plan administrators should be upheld unless their decisions were arbritrary, capricious, in bad faith, erroneous as a matter of law or unsupported by substantial evidence. See Adcock v. Firestone Tire and Rubber Co., 822 F.2d 623, 626 (6th Cir.1987). We note initially that there are no disputed issues of fact in this case and therefore no need to remand this case to the district court for additional factfinding. Indeed, the only remaining issue is the proper interpretation to be given to Avco's retirement and severance pay plans. Having carefully reviewed Articles 6 and 11 of Avco's Retirement Plan, we are unable to agree with plaintiffs' contention that Article 11 applies only where an employee quits rather than when an employee is voluntarily or involuntarily terminated by the employer. Rather, we again conclude that Article 11 governs the employees' claim for retirement benefits. Thus, even applying a de novo standard of review, we still conclude that Avco's interpretation of the terms of the plan is the most reasonable interpretation and is consistent with the other provisions in the plan.
 
 
 3
 Accordingly, for the reasons stated above and for the reasons discussed in our original opinion, we AFFIRM in part, REVERSE in part and REMAND in part to the district court with instructions to dismiss the action.